# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ADAM LEE BUNKER,

        Plaintiff,

v.

WYATT DERNER,

        Defendant.

Case No. 4:25-cv-00005-SLG

## SCREENING ORDER

On February 4, 2025, self-represented prisoner Adam Lee Bunker ("Plaintiff") filed a civil complaint, an application to waive prepayment of the filing fee, and a motion "for extension of time and acceptance of late filed 1983."[1] Plaintiff's Complaint alleges that on or about October 22, 2022, State of Alaska Ranger Wyatt Derner, while dressed in plain clothing, improperly seized Plaintiff and used excessive force when arresting him.[2] For relief, Plaintiff seeks $20 million in damages.[3] Processing of the case was delayed because Plaintiff did not file an application to waive the filing fee until September 18, 2025.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[4]

---

[1] Dockets 1-3.

[2] Docket 1.

[3] Docket 1 at 4.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); See also United States ex rel. Robinson Rancheria

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted, and his claims appear to be time-barred. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order <u>and</u> addresses whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

---

*Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted).

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 2 of 17
Case 4:25-cv-00005-SLG   Document 12   Filed 12/05/25   Page 2 of 17

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[7] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[8] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[9] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[10] Moreover, even if a compliant meets the pleading requirements, dismissal under Section 1915 is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[11]

Before a court may dismiss any portion of a complaint filed by a self-represented litigant, a court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint,

---

[7] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[8] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[10] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[11] *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 3 of 17
Case 4:25-cv-00005-SLG   Document 12   Filed 12/05/25   Page 3 of 17

unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

## DISCUSSION

### I. Summary of Plaintiff's Claims

Plaintiff claims that on or about October 22, 2022, he was pulled over on the side of the road when Defendant State of Alaska Ranger Derner approached him. Plaintiff claims Defendant was driving a plain white truck, was dressed in civilian clothing, and did not immediately identify himself as an officer.[14] Plaintiff states he was in fear for his safety because Defendant was "talking in an aggressive tone" and 'making accusations that were obviously false[.]'"[15] Plaintiff claims he believed Defendant was going to rob him, but that he tried to "obey" Defendant's instructions "not because [Plaintiff] believed he was a police officer but because [Defendant] was becoming more and more threatening[.]"[16] Plaintiff claims he was "unsure" of the man's identity, but also states he waited for Defendant to run his license.[17] Plaintiff claims he tried to sit down on the snow bank but Defendant ordered him to "get face down in the ice and snow[.]" Then, Plaintiff claims he was trying to

---

[12] *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[14] Docket 1 at 2.

[15] Docket 1 at 2.

[16] Docket 1 at 2.

[17] Docket 1 at 2-3.

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 4 of 17
Case 4:25-cv-00005-SLG    Document 12    Filed 12/05/25    Page 4 of 17

stand up when Defendant "sprayed [him] for no reason" and began striking him in the head.[18] Plaintiff states he was beginning to lost consciousness but remembers "getting away" before he saw uniformed officers, believed to be Alaska State Troopers (ASTs), approach.[19] Plaintiff claims the ASTs "let their dog tear into" him.[20] Plaintiff claims he lost half of his foot and about $3,000 due to this incident.[21] Plaintiff also claim he lost his truck and became homeless.[22] Plaintiff claims "[t]he Judge said it never should have gone that far over a 5-dollar parking ticket and told [Plaintiff that he] was free to go."[23] When this civil case was filed, criminal charges against Plaintiff were still pending in state court,[24] and Plaintiff told his criminal defense attorney that he wanted "the charges dismissed and an apology[.]"[25]

According to the publicly available state court docket records,[26] Plaintiff was charged with four misdemeanors based on the events that occurred on October 22, 2022.[27] Plaintiff was also charged with failing to pay fines in a separate

---

[18] Docket 1 at 3.

[19] Docket 1 at 3.

[20] Docket 1 at 3.

[21] Docket 1 at 3.

[22] Docket 3 at 2.

[23] Docket 1 at 3.

[24] Docket 1 at 3-4.

[25] Docket 1 at 4.

[26] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[27] *State of Alaska vs. Bunker, Adam Lee*, Case No. 4FA-22-02210CR, Party Charge Information.

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 5 of 17
Case 4:25-cv-00005-SLG   Document 12   Filed 12/05/25   Page 5 of 17

case.[28] On March 24, 2025, Plaintiff pleaded guilty to one count of harming a police dog in violation of Alaska Statute § 11.56.710.[29] The other three charges—disorderly conduct, resisting arrest, and assault—were dismissed by the prosecution.[30]

## II.  Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[31] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[32] Although a federal court must construe complaints filed by self-represented plaintiffs liberally, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[33] A complaint must allege that the plaintiff suffered a specific

---

[28] *State of Alaska vs. Bunker, Adam Lee,* Case No. 4FA-22-03651MO, Offense Date 10/22/2022 (Charge #1: 11AAC12.250(A): Failure to Pay Fees).

[29] *Id.* Charge #4 (AS11.56.710: Harm Police Dog 2- Injure, Torment), Date of Offense: 10/22/2022; Disposition 03/24-2025: Guilty Conviction After Guilty Plea.

[30] *Id.* Charge #1 (AS11.61.110(a)(6): Disorderly Conduct- Create Hazard Condition), Charge # 2 (AS11.56.700(a)(1): Resist/Interfere Arrest-By Force), Charge # 3 (AS11.41.230(a)(3): Assault 4-Cause Fear Of Injury), Date of Offense: 10/22/2022; Disposition 03/24-2025: Dismissed by Prosecution CrR43(a)(1)).

[31] Fed. R. Civ. P. 8(a)(2).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[33] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 6 of 17
Case 4:25-cv-00005-SLG     Document 12     Filed 12/05/25     Page 6 of 17

injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[34]

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[35] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[36] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[37] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[38]

#### A. Claims against the State of Alaska or the Alaska Department of Public Safety

Plaintiff states that "[t]his complaint is only in regards to Ranger Wyatt Derner in his individual capacity and does not include The State of Alaska or Department of Public safety which will be addressed in a different complaint."[39]

---

[34] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[35] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[36] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[37] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995).

[38] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[39] Docket 1 at 4.

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 7 of 17
Case 4:25-cv-00005-SLG     Document 12     Filed 12/05/25     Page 7 of 17

Absent unique circumstances, a plaintiff may not bring separate cases against different defendants involving similar claims based on the same facts.[40] Further, a defendant in a civil rights lawsuit must be a "person."[41] States and state agencies are not considered "persons" under Section 1983.[42] Additionally, the Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency's immunity has been waived.[43]

The State of Alaska has not waived immunity for civil rights claims alleging violations of the federal Constitution in federal court. Therefore, any civil rights claim against the State of Alaska or the Alaska Department of Public Safety is not viable in federal court and must not be brought in an amended complaint.

### B. Actions by Unnamed Alaska State Troopers

Ranger Wyatt Derner is the only Defendant in this case. However, in the narrative of the Complaint and in his motion to accept his late filing, Plaintiff describes actions taken by unnamed Alaska State Troopers. Specifically, Plaintiff

---

[40] *See* Fed R. Civ. P. 19.

[41] 42 U.S.C. § 1983.

[42] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[43] *Alabama v. Pugh,* 438 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

claims that the ASTs "exaggerated Mr. Bunker's actions in order to justify the use of deadly force."[44]

Plaintiff alleges that state troopers and their police dog used excessive force. But the sole named defendant—Ranger Derner—cannot be held liable for the independent actions of state troopers or a police dog controlled by the ASTs simply by virtue of being present or affiliated with them.

### IV. Statute of Limitations

"Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[45] They also "ensure that claims are filed before essential evidence disappears."[46] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[47]

A federal claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based.[48] A claim ordinarily accrues on the

---

[44] Docket 3 at 2.

[45] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations, quotations, and alteration omitted).

[46] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[47] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[48] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir.2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run"); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law").

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 9 of 17
Case 4:25-cv-00005-SLG   Document 12   Filed 12/05/25   Page 9 of 17

date of the injury.[49] Because Section 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions to Section 1983 claims.[50] Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.[51] In Alaska, the statute of limitations for personal injury claims is two years.[52]

Here, Plaintiff claims his injury arose on October 22, 2022. But he did not file this action until February 4, 2025. Therefore, this action appears to be time-barred and subject to dismissal for that reason unless the statute of limitations should be tolled.

### A. Equitable Tolling

Alaska law allows equitable tolling of the statute of limitations if the plaintiff is incompetent by reason of mental illness or mental disability at the time the cause of action accrued.[53] The "general test" for mental incompetency is "whether a person could know or understand his legal rights sufficiently well to manage his personal affairs."[54] "[T]his test does not measure whether a litigant *did* understand

---

[49] *Belanus*, 796 F.3d at 1025 (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

[50] *Butler v. Nat'l Cmty. Renaissance of Cal*., 766 F.3d 1191, 1198 (9th Cir. 2014).

[51] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[52] Alaska Stat. § 09.10.070.

[53] Alaska Stat. § 09.10.140(a) (tolling the limitations period "if a person entitled to bring an action . . . is at the time the cause of action accrues . . . incompetent by reason of mental illness or mental disability").

[54] *Cikan v. ARCO Alaska, Inc.,* 125 P.3d 335, 340 (Alaska 2005) (quoting *Adkins v. Nabors Alaska Drilling, Inc.,* 609 P.2d 15, 23 (Alaska 1980)).

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 10 of 17
Case 4:25-cv-00005-SLG    Document 12    Filed 12/05/25    Page 10 of 17

his or her legal rights, but whether he or she is *capable* of understanding them."[55] The Alaska Supreme Court also has acknowledged that some jurisdictions will equitably toll the statute of limitations when "extraordinary circumstances" outside the plaintiff's control made it impossible for the plaintiff to timely assert a claim, noting that "[w]e have *neither accepted nor rejected* this theory of tolling."[25] However, even if a court were to recognize equitable tolling for extraordinary circumstances, courts will only allow tolling if the conditions made the timely filing of the complaint impossible, not just difficult. The Alaska Supreme Court has held that even major life stressors—such as illness, homelessness, or imprisonment—insufficient to justify tolling.[56]

Here, Plaintiff filed this case on February 4, 2025, approximately four months after the statute of limitations expired on October 22, 2024. Plaintiff's reported homelessness and imprisonment[57] are insufficient to show an inability to understand his legal rights. Additionally, Plaintiff's physical limitations may have made the timely filing of this case more difficult, but not impossible. However, the Court notes that the state court ordered at least one competency evaluation in

---

[55] *Richardson v. Municipality of Anchorage,* 360 P.3d 79, 87 (Alaska 2015) (emphasis in original).

[56] *Id.* (holding that claims of mental health issues, lockdowns, or homelessness insufficient to toll the statute of limitations). *See also Kaiser v. Umialik Ins.,* 108 P. 3d 876 (Alaska 2005) (holding that divorce, jail, and illness did not justify tolling under Alaska's equitable doctrine).

[57] *See* Docket 1 at 1 ("Mr. Bunker has been homeless and healing from substantial injuries including losing half of his foot to frostbite and other health problems and does accordingly ask the court to forgive the delay.").

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 11 of 17
Case 4:25-cv-00005-SLG   Document 12   Filed 12/05/25   Page 11 of 17

Plaintiff's criminal case.⁵⁸ Because the Court is unable to determine whether Plaintiff qualifies for equitable tolling on that basis, Plaintiff is accorded an opportunity to address his mental competency to timely this action in an amended complaint.

### B. Equitable Estoppel

When a defendant's wrongful conduct "lull[s] [a plaintiff] into inaction" or otherwise induces him to delay filing a claim until the limitation period has run, the defendant is equitably estopped from invoking the statute.[14] To establish grounds for equitable estoppel, the plaintiff must plead "that he or she relied on the defendant's fraud by either consciously relying on an affirmative misrepresentation, or failing to discover fraudulently concealed evidence."[15]

Plaintiff's claims that he was pursuing an informal apology in his state criminal proceedings and allegations that he was incarcerated and forced into pleading guilty to a crime he did not commit are insufficient to equitably estop Defendant Derner from invoking the statute of limitations.

### V. Filing an Amended Complaint

Plaintiff is accorded **60 days** to file an amended complaint in which he restates his claim against Defendant Derner and addresses whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable

---

[58] *State of Alaska vs. Bunker, Adam Lee,* Case No. 4FA-22-02210CR, Docket Event 01/24/2024 (Court Order: Order for Determination of Competency); Docket Event 05/30/2024 (Court Order: Findings and Order on Competence for Criminal Proceedings, Commitment, and Transport); Docket Event 01/02/2025 (Competency Evaluation).

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 12 of 17
Case 4:25-cv-00005-SLG    Document 12    Filed 12/05/25    Page 12 of 17

two-year statute of limitations. **An amended complaint must clearly state the dates during which Plaintiff is alleging he was incompetent by reason of mental illness or mental disability at any time between October 22, 2022 and February 4, 2025.**

An amended complaint replaces the prior complaint in its entirety.[59] Any claim not included in the amended complaint will be considered waived. A complaint need only allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[60] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[61] Rule 10(b) of the Federal Rules of Civil Procedure requires that

---

[59] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[60] Fed. Rule Civ. Proc. 8(a)(2).

[61] A complaint must consist of continuously numbered paragraphs from beginning to end; do not

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 13 of 17
Case 4:25-cv-00005-SLG   Document 12   Filed 12/05/25   Page 13 of 17

"[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant Derner. Plaintiff must not attempt to serve Defendant Derner until the Court so orders.

### VI. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[62] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[63] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger must fairly traceable to the unlawful conduct of the

---

start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendant to admit or deny each specific allegation by paragraph.

[62] 28 U.S.C.A. § 1915(g).

[63] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 14 of 17
Case 4:25-cv-00005-SLG    Document 12    Filed 12/05/25    Page 14 of 17

defendants alleged in the complaint and redressable by the Court.[64] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[65] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[66]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order.

2. Plaintiff's Motion for Extension of Time and Acceptance of Late Filed 1983 at **Docket 3 is DENIED without prejudice.**

3. Plaintiff's non-prisoner application to waive payment of the filing fee at **Docket 11 is GRANTED.**

4. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

---

[64] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[65] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[66] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 15 of 17
Case 4:25-cv-00005-SLG    Document 12    Filed 12/05/25    Page 15 of 17

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

5. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim. A Notice of Voluntary Dismissal does not count as a strike.[67]

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[68] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

7. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

8. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[67] *Id.*

[68] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 16 of 17
Case 4:25-cv-00005-SLG    Document 12    Filed 12/05/25    Page 16 of 17

and its effective date.[69] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

9. With this order, the Clerk is directed to send: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 5th day of December, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[69] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Screening Order
Page 17 of 17
Case 4:25-cv-00005-SLG   Document 12   Filed 12/05/25   Page 17 of 17