THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ADAM LEE BUNKER,

        Plaintiff,

v.

WYATT DERNER,

        Defendant.

Case No. 4:25-cv-00005-SLG

## ORDER OF DISMISSAL

On December 5, 2025, self-represented prisoner Adam Lee Bunker ("Plaintiff") was accorded an extension to February 3, 2026, to file an amended complaint in which to restate his claim against Defendant Derner and address whether Plaintiff properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable two-year statute of limitations.[1] In that December 5, 2025 order, the Court gave notice that if Plaintiff did not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form by February 3, 2026, this case would be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.[2]

To date, Plaintiff has not responded or otherwise contacted the Court.

---

[1] Docket 12 at 12-13.

[2] Docket 12 at 16.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[3]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.[4] Plaintiff's failure to respond within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[5] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[6] Because Plaintiff has not offered any justifiable reason for failing to meet the

---

[3] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

[4] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

[5] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting that a plaintiff has the burden to move toward disposition at a reasonable pace and to refrain from dilatory and evasive tactics).

[6] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Order of Dismissal
Page 2 of 4
Case 4:25-cv-00005-SLG    Document 13    Filed 02/18/26    Page 2 of 4

Court's deadline, the third factor also favors dismissal.[7] The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[8] "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits."[9] The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[10] The Court's Screening Order at Docket 12 accorded Plaintiff an opportunity to file an amended complaint and warned him of the potential dismissal of this action in the event of noncompliance.[11]

Based on the foregoing, this case must be dismissed for failure to prosecute. The dismissal shall be without prejudice so as to preserve Plaintiff's ability to seek relief.[12] The Court finds no other lesser sanction to be satisfactory or effective in

---

[7] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[8] *Pagtalunan*, 291 F.3d at 643.

[9] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

[10] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).

[11] *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted).

[12] *Id.*

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Order of Dismissal
Page 3 of 4
Case 4:25-cv-00005-SLG   Document 13   Filed 02/18/26   Page 3 of 4

this case.[13] Because Plaintiff was a prisoner at the time this case was filed, this dismissal will count as a "strike" under § 1915(g).[14]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED without prejudice**.

2. This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

3. All pending motions are **DENIED as moot.**

4. The Clerk of Court shall issue a final judgment and close this case.

DATED this 18th day of February, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

[14] *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a district court dismisses a complaint on the ground that it fails to state a claim, but grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)).

Case No. 4:25-cv-00005-SLG, *Bunker v. Derner*
Order of Dismissal
Page 4 of 4
Case 4:25-cv-00005-SLG   Document 13   Filed 02/18/26   Page 4 of 4